Tuckahoe Realty, LLC v 241 E. 76 Tenants Corp. (2021 NY Slip Op 07532)





Tuckahoe Realty, LLC v 241 E. 76 Tenants Corp.


2021 NY Slip Op 07532


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Webber, J.P., Mazzarelli, González, Rodriguez, JJ. 


Index No. 656414/19 Appeal No. 14926 Case No. 2020-04592 

[*1]Tuckahoe Realty, LLC, Plaintiff-Respondent,
v
241 East 76 Tenants Corp., Defendant-Appellant.


Braverman Greenspun, P.C., New York (Drew Pakett of counsel), for appellant.
Morrison Cohen LLP, New York (Alvin C. Lin of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered November 19, 2020, which granted plaintiff's motion for a Yellowstone injunction, unanimously affirmed, with costs.
The motion court providently exercised its discretion in concluding that plaintiff's application for a Yellowstone injunction was timely. We agree with the court that timeliness was established by the fact that the application was made on the last day of the cure period, notwithstanding defendant's argument that plaintiff failed to obtain relief prior to the expiration of the cure period because the court did not sign the order until the next day (compare JH Parking Corp. v E. 112th Realty Corp., 298 AD2d 258 [1st Dept 2002] [application for Yellowstone injunction denied where made after expiration of cure period]; 319 Smile Corp. v Forman Fifth, LLC, 37 AD3d 245 [1st Dept 2007] [same]). On the day the application was made, the court advised counsel that it would not have sufficient time to hear argument that afternoon before having to close the court, and instructed counsel to return the next day to argue the motion; thus, the delay in obtaining the injunction was due to "issues within the courthouse" (see Zhu v Grand Golden Door, LLC, 2013 NY Slip Op 33318[U], *4-5 [Sup Ct, NY County, Dec. 20, 2013).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021